IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TERRELL LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 15) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Terrell Lindsay (Filing No. 9). The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 19, 20) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Lindsay is charged in the Indictment with possessing cocaine base with intent to distribute on or about June 6, 2007 (Count I) and distribution of cocaine base on or about May 30, 2007 (Count II). (Filing No. 1.) He seeks an order suppressing evidence seized and statements made as a result of his June 6, 2007, traffic stop, arrest, vehicle search and questioning. (Filing No. 9.)

Following an evidentiary hearing, Magistrate Judge Gossett issued an oral Report and Recommendation in which he concluded: the testimony of Officers Nelson and Brensel was credible; no statements were made by Lindsay, and the recommended denial with respect to the *Miranda* issue is without prejudice; the traffic stop was based on probable cause of a traffic violation, driving while under suspension or, alternatively, probable caused based on officers' reasonable belief that Lindsay was involved in committing a felony, the drug deal; the vehicle search was proper under the plain view doctrine and also

as a search incident to Lindsay's arrest; Lindsay's arrest was properly based on the active arrest warrant, the traffic violation, and the impending drug transaction. (Tr., at 31-37.)

On the basis of these determinations, Judge Gossett issued a written recommendation that Lindsay's motion be denied. (Filing No. 15.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Briefly, the facts are as follows as stated in the transcript of the evidentiary hearing. On May 29, 2007, a confidential informant ("CI") set up a drug deal for crack cocaine with Lindsay for May 30, 2007. On May 30, 2007, Lindsay arrived in a 2007 blue Dodge Charger together with a passenger, Eric Lillard. The CI was wired, and received crack cocaine from an individual in the Dodge Charger. The CI told officers that she gave the buy money to Lindsay, but neither Officer Nelson nor Brensel could verify that Lindsay, rather than Lillard, transferred the crack cocaine to the CI. The wire transmission was filled with static, and voices could not be identified. Officers had visual contact with the vehicle during the buy, but not with either individual inside the car.

Officers became aware that Lindsay was driving under suspension and had an active warrant out for his arrest. The testimony was clear that the license suspension was

verified before June 6, 2007, the date of the traffic stop that led to Lindsay's arrest. More specifically, the evidence showed that as of June 6, 2007, Lindsay was still driving under a suspended license. However, the testimony is inconclusive as to whether the active warrant was verified prior to or after the June 6, 2007, encounter.

On June 6, 2007, Lindsay was on his way to a second controlled buy arranged by the CI. Officer Nelson identified Lindsay's vehicle, the same 2007 blue Dodge Charger, and radioed to Captain Lamb to execute a traffic stop. Lindsay was driving, and he had a passenger other than Lillard. Lindsay was stopped, and he rammed the vehicle driven by Officer Brensel. Officers then proceeded with a felony stop, arresting Lindsay and his passenger. Officers walked around the vehicle to make sure no one else was inside, and upon looking inside the window they saw a clear baggie with suspected crack cocaine on the rear passenger floorboard. The vehicle was searched at the scene. Upon being advised of his *Miranda* rights, Lindsay declined to give a statement.

## ANALYSIS

The Defendant objects to the following portions of Judge Gossett's Report and Recommendation: probable cause supported the traffic stop; the searches of the vehicle and its occupants were lawful as searches incident to arrest; the suspected crack cocaine was in plain view. Lindsay also argues that an arrest warrant should have been obtained before the May 29, 2007, contact with Lindsay.

### *Traffic Stop*

Probable cause existed for the traffic stop. The evidence is unclear regarding the timing of the verification of the arrest warrant in relation to the June 6, 2007, stop.

However, the evidence is uncontroverted that Lindsay's status as a suspended driver was verified prior to the stop. (Tr. 14:16-19 (Nelson); id. 21:2-8 (Brensel).) Therefore, at least in light of Lindsay's status as a suspended driver, probable cause existed for the vehicle stop. The objection is denied.

### *Searches*

The law clearly provides that a bodily search may be conducted pursuant to an arrest. *United States v. Ball,* 499 F.3d 890, 896 (8th Cir. 2007). Moreover, a search of the passenger compartment of a vehicle pursuant to an arrest is "'reasonable' under the Fourth Amendment." *United States v. Hrasky,* 453 F.3d 1099, 1101 (8th Cir. 2006), *cert. denied,* 127 S. Ct. 2098 (2007). Lindsay has produced no legal authority supporting his position. The objection is denied.

### *Plain View*

The testimony was that upon looking inside the car window the officers saw the baggie with the suspected crack cocaine. The plain view doctrine requires: officers must not have violated the Fourth Amendment to be in the place from which the evidence is plainly viewed; the incriminating nature of the evidence must be immediately apparent; and the officer must have had a lawful right of access to the item. *United States v. Terry,* 400 F.3d 575, 580 (8th Cir. 2005). Lindsay offers no contrary facts or authority. The objection is denied.

*Arrest Warrant Prior to May 29, 2007*

Lindsay has not submitted any authority for the proposition that an arrest warrant was required before the May 29, 2007, telephone contact with the CI, or prior to any other contact. The objection is denied.

## CONCLUSION

For the reasons discussed, the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 15) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 19) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 9) is denied.

DATED this 29th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge